**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JERRY RAUL CONDEZO VELASQUEZ,**

Petitioner,

**v.** Civil Action No. **3:26CV783 (RCY)**

**WARDEN, ABYON,**

Respondent.

**MEMORANDUM OPINION**

Jerry Raul Condezo Velasquez ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the denial of bond by an Immigration Judge. Petitioner seeks "immediate release under reasonable conditions" or "a new bond hearing." ECF No. 1, at 7. Respondent filed an Opposition. ECF No. 5. For the reasons set forth below, the § 2241 Petition will be DENIED.

**I. BACKGROUND**

Petitioner indicates that he is a native and citizen of Peru. ECF No. 1-1, at 3. He entered the United States on May 7, 2022, and was released on parole on May 8, 2022. *Id.* at 4. Petitioner asserts that he has continuously resided in Virginia since that time, "maintained stable employment, paid taxes, and supported his family." *Id.* at 2. Petitioner states that his family, including four children, has suffered emotionally and financially due to his detention. *Id.* at 7. Petitioner states that he is an active member in his church and community. *Id.* Petitioner suffers from various health concerns and asserts that he has not received adequate medical care in

detention. *Id.* at 8. Petitioner was taken into immigration custody on March 22, 2026. ECF No. 1, at 6.

On April 29, 2026, Petitioner initiated a previous habeas action. *Condenzo Velasquez v. Warden Farmville Detention Center*, No. 3:26CV369 (RCY) (E.D. Va.), ECF No. 1. On May 13, 2026, Petitioner filed his § 2241 Petition on the standard form. No. 3:26CV369 (RCY), ECF No. 6. It appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). No. 3:26CV369 (RCY), ECF No. 8. Accordingly, the Court issued a Memorandum Order directing the respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:26CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. No. 3:26CV369 (RCY), ECF No. 8, at 1. The Court further noted that should the respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.* The respondents timely submitted a Notice in response to the Court's Memorandum Order. No. 3:26CV369 (RCY), ECF No. 9. Consistent with the Court's Memorandum Order, the respondents recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* at 1. On June 24, 2026, the Court granted the § 2241 Petition in that case and ordered that the respondents provide Petitioner with a bond hearing. No. 3:26CV369 (RCY), ECF No. 11. Petitioner was given a bond hearing on June 30, 2026, and the Immigration Judge "denied bond as a danger to the community and flight risk."

No. 3:26CV369 (RCY), ECF No. 12. That case was closed on July 20, 2026. No. 3:26CV369 (RCY), ECF No. 13.

In the instant case, Petitioner filed a new § 2241 Petition on August 6, 2026. ECF No. 1. He also filed an *Ex Parte* Application for Temporary Restraining Order, ECF No. 2, which was denied without prejudice for noncompliance with Local Civil Rule 7, ECF No. 4 ¶ 7 (citing E.D. Va. Loc. Civ. R. 7(F)(1)). Respondent filed an Opposition to the Petition on September 9, 2026. ECF No. 5.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petitioner concerns whether Petitioner's bond hearing comported with due process. The Court concludes that it did.

On June 30, 2026, the Immigration Judge issued a two-page form Order, which states that the Immigration Judge considered Petitioner's request for a custody redetermination pursuant to 8 C.F.R. § 1236. ECF No. 5-1, at 1. The Immigration Judge checked the box for "Denied, because" and entered only the following text: "respondent is a danger to the community, alternatively he is a flight risk." *Id.* Petitioner appealed the denial of bond to the Board of Immigrations Appeals. ECF No. 5-2, at 1. In a Bond Memorandum and Order of the Immigration Court, the Immigration

Judge who denied Petitioner bond explained his reasoning. *Id.* at 2. The Immigration Judge referenced Petitioner's evidence, including an affidavit of support and financial documents for his sponsor, information about his case appeal, his family's biographic information, and "letters of support describ[ing] [Petitioner] as a devoted father, and a responsible and hardworking member of society." *Id.* The Immigration Judge determined that Petitioner was a danger to the community due to his serious criminal history and that Petitioner was a flight risk due to his criminal history and order of removal, which is pending on appeal. *Id.*

The Court has a "very limited ability to review [an] [Immigration Judge's ("IJ")] denial of bond" and "may not reweigh the substantive merits of an IJ's discretionary bond determination." *Garcia Mesias v. Warden*, No. 3:26-cv-186 (DJN) (E.D. Va. May 8, 2026), ECF No. 12, at 1 (quoting *Alvarado Flores v. Dillman*, No. 3:26-cv-8 (DJN) (E.D. Va. Feb. 3, 2026), ECF No. 13, at 3 (citing 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1226(e); *Hatami v. Chertoff*, 467 F. Supp. 2d 637, 641 (E.D. Va. 2006))). "But whether an immigration judge must consider certain factors is still a 'constitutional challenge' to the procedures adopted by the Attorney General for all detention decisions under § 1226(a)" and judicial review of such constitutional challenges is not barred by 8 U.S.C. § 1226(e)[1] or § 1252(a)(2)(B)(ii).[2] *Miranda v. Garland*, 34 F.4th 338, 353 & n.6 (4th Cir. 2022).

---

[1] 8 U.S.C. § 1226(e) provides, in relevant part: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to [judicial] review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e).

[2] 8 U.S.C. § 1252(a)(2)(B)(ii) provides, in relevant part: "[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." *Id.* § 1252(a)(2)(B)(ii).

A § 1226(a) bond hearing must comport with due process. *Miranda*, 34 F.4th at 358–59 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976))[3] (applying three-factor balancing test). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (citations omitted). "[A]n IJ must provide a detainee with a procedurally sufficient and substantively meaningful opportunity to be heard, and accordingly, the IJ must consider evidence that is (1) individualized to the detainee and (2) actually probative as to the detainee's bond risk when making a bond decision." *Alvarado Flores*, No. 3:26-cv-8 (DJN), ECF No. 13, at 6.

Courts in this district have addressed the sufficiency of procedures provided at bond hearings. An IJ provided sufficient process by "consider[ing] the evidence that both parties presented to him, allow[ing] both counsel for Petitioner and counsel for Respondents to present their arguments as to whether Petitioner posed a flight risk or a danger to the community, engag[ing] with Petitioner's arguments by asking questions of his counsel and allow[ing] counsel to rebut Respondents' arguments before rendering his final decision." *Id.* at 6–7 (citation omitted). Sufficient process was provided where an IJ "was engaged, asked questions, and considered the arguments of counsel." *Ulloa Campos v. Noem*, No. 1:26-cv-208 (RDA/IDD) (E.D. Va. Mar. 11, 2026), ECF No. 14, at 3.

Here, Petitioner does not appear to argue that the procedures of the bond hearing were insufficient. He references evidence, indicating that he was permitted to present evidence, *see*

---

[3] *Mathews* further explained:

> More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 334–35 (citation omitted).

ECF Nos. 1, 1-1; and filed, in this case, what appears to be the evidence he presented at the bond hearing, *see* ECF No. 1-2. Furthermore, Respondent asserts that "the audio recording[] of the bond hearing indicates that the [IJ] received and considered evidence from both parties; a translator was present; Petitioner was represented by counsel; counsel for each party was provided an opportunity to present argument; [and] the [IJ] asked questions of counsel . . . ." ECF No. 5, at 3.

Courts in this district and others have also considered the individualized and probative nature of the facts relied upon for bond determinations. Where an immigration judge "considered the record evidence and recounted relevant information in rendering his decision," the court concluded that the bond hearing was "sufficiently individualized" so as to be "devoid of constitutional defects." *Alvarado Flores*, No. 3:26-cv-8 (DJN), ECF No. 13, at 7–8 (recounting "criminal conduct, misrepresentations on his tax forms, unauthorized employment, his failure to seek legal status in the time that he had resided in the United States and his failure to apply for a direct immigration status or benefit"); *see also Ulloa Campos*, No. 1:26-cv-208 (RDA/IDD), ECF No. 14, at 2 (considering repeated unlawful entry into the United States, no evidence of purported Temporary Protected Status, no evidence of purported income tax payments, unauthorized employment, unlikelihood of success of requests for relief).

Conversely, courts have ordered a new bond hearing when the relied-upon facts were not sufficiently individualized or probative. In one such case, a detainee challenged an IJ's two-sentence determination. The IJ stated: "Respondent has not met his burden to show that he is not a significant flight risk. Respondent is a relatively recent entrant to the United States having entered unlawfully in 2021, he has tenuous ties to the United States, and his relief before the Court is speculative." *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026) (citation omitted). The court concluded that the determination was not individualized because the IJ's only mention

of individualized facts were his year of entry and "tenuous ties," without mention of family members residing in the same town, any fact from the detainee's 500-page submission, or any indication that the immigration judge had reviewed the submission, and the fact that the IJ immediately announced her decision. *Id.*

In a case in this district, the court agreed with the petitioner that "the facts the Immigration Judge relied upon to deny him bond . . . were so lacking in probative value that the consideration of those facts deprived him of a fair and individualized bond hearing" and ordered a new bond hearing before a different immigration judge. *Lemus Crispin v. Bondi*, 832 F. Supp. 3d 534, 543 (E.D. Va. 2026) (Brinkema, J.). The court found fault with the IJ's reliance on the detainee's unlawful status and unauthorized work history because "an individual's bond hearing fails to comport with due process where an Immigration Judge relies on considerations that would lead to an automatic denial of bond in all cases." *Id.* at 544 (quoting *Argueta-Portillo v. Bondi*, No. 1:26-cv-122 (MSN/LRV) (E.D. Va. Mar. 2, 2026), ECF No. 16, at 1).

Here, Petitioner challenges various aspects of the June 30, 2026 bond hearing. He argues that the Immigration Judge "used a check-box order without individualized reasons." ECF No. 1, at 2. He asserts that the Immigration Judge did not "explain[] the evidence" and "[t]he bond hearing lacked an individualized decision." *Id.* at 6. Although the Immigration Judge's two-page form Order did not provide his justifications, the Immigration Judge explained his reasoning in a Bond Memorandum and Order of the Immigration Court. ECF No. 5-2, at 2. The Immigration Judge specified the arrest in Petitioner's criminal history that caused him concern and formed the basis for his determination that Petitioner is a danger to society. *Id.* That same arrest, along with the order for Petitioner's removal, were the bases for the Immigration Judge's alternative determination that Petitioner is a flight risk. *Id.* The Immigration Judge listed the evidence

presented by Petitioner, including a brief summary of the content of the letters of support for Petitioner. *Id.* The facts relied upon by the Immigration Judge, namely Petitioner's criminal history, were individualized to Petitioner and probative as to potential danger to the community and risk of flight.

Petitioner also contends that the Immigration Judge "gave undue weight to an arrest, ignored family and employment ties, and failed to consider GPS, treatment, or other release conditions." ECF No. 1, at 2. Petitioner argues that the Immigration Judges "did not address Petitioner's family, employment, taxes, parole compliance, community ties, or alternatives to detention." *Id.* at 6. Petitioner protests that "[a]rrests were treated as convictions and the risks were overstated," and any concerns about his criminal history "can be addressed by GPS, reporting, treatment, or other conditions." *Id.* The nature of these arguments involves Petitioner's disagreement with the weight given by the Immigration Judge to certain evidence and not to other evidence. To that extent, Petitioner seeks relief that this Court is unable to grant. 8 U.S.C. § 1226(e) provides in relevant part that "[n]o court may set aside any action or decision by the Attorney General under [] section [1226] regarding the detention of any alien or the revocation or denial of bond or parole." *See also Hatami v. Chertoff*, 467 F. Supp. 2d 637, 641 (E.D. Va. 2006) (Ellis, J.) (concluding that the court lacked jurisdiction over petitioner's habeas claim seeking review of his bond denial). While the Court may review bond hearings for constitutional compliance, Petitioner's arguments that the Immigration Judge should have considered some evidence more and other evidence less are not constitutional in nature; instead, they seek another chance to make his case to an Immigration Judge and a reweighing of the evidence presented at his bond hearing. That type of review is beyond the purview of this Court.

## V. CONCLUSION

Having reviewed the June 30, 2026 bond hearing for compliance with due process and finding no violation, and lacking jurisdiction to review the Immigration Judge's weighing of the evidence in denying Petitioner bond, the Court will DENY the § 2241 Petition (ECF No. 1).

An appropriate order shall accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 21, 2026
Richmond, Virginia